Mr. Justice Clayton
delivered the opinion of the court.
The evidence in this case shows, that Newell being indebted to George Fisher, deceased, who was a merchant, went with his son-in-law to Benton to make a settlement of his account. Fisher urged him to assume certain debts of his son, William S. Newell, which he positively refused to do. During the day, to use the words of the witness, “Fisher treated the defendant so often that he got drunk, and went to sleep.” The settlement was made with the son-in-law ; Newell was roused out of his sleep, and at the urgent solicitation of Fisher, signed the note, which included in its amount the notes of the son, and which he had refused to pay in the morning, when sober. The witness says, “ he did not consider the defendant capable of doing business at the time he signed the note, and that when he is drinking, he appears to lose his mental powers, as much as any man he ever saw.”
The son was of age when his debts were contracted, and was discharged under the bankrupt law, soon after the giving of this note.
Under this state of facts, it is very certain that the defendant was not bound by the note for the amount of William S. Newell’s debt. His state of intoxication, amounting almost to insensibility, deprives the note of all obligation. The extreme state of lintoxication Avhich deprives a man of his reason, will at law invalidate a deed obtained from him while in that condition. So long as a person remains in that situation, he is incapable of contracting, since it renders him incapable of consent. Cooke v. Clayworth, 18 Ves. 15; Arnold v. Hickman, 6 Munf. 15; Brandon v. Old, 3 Car. & Payne, 440; Chitty on Con. 112. Much more is this the case where the inebriety has been occasioned by the contrivance of the other party. Fenton v. Holloway, 1 Stark. R. 126. It matters not, that it was the general habit of Fisher to treat his customers, their contracts, “when not capable of doing business,” are not binding upon them.
It is in proof, that on a subsequent occasion, when the defendant was sober, he promised the plaintiff to pay the whole note, if he would wait till the fall. The effect of such a *438 promise is thus stated by a late writer. “In order to render the agreement to forbear, and the forbearance of a claim a sufficient consideration, it is essential that such claim be sustainable at law; the consideration fails, if it appear that the demand was utterly without foundation.” Chitty on Con. 30. In Lloyd v. Lee, Strange, 94, the court says, “ forbearance is no consideration where there was originally no cause of action.”
In this case there never was any obligation on the defendant to pay the debt of William S. Newell previous to this promise. Not only was the note given during a state of drunkenness, but it was wholly destitute of consideration. The subsequent promise and forbearance gave it no validity. There was no previous demand on which a recovery could have been predicated.
The charges of the court below were in opposition to this view of the law : the judgment will therefore be reversed, and a new trial awarded.
J udgment reversed.